# 13-3406-cv

## United States Court of Appeals for the Second Circuit

ST. REGIS MOHAWK TRIBE,

*Plaintiff-Appellant,*

v.

ANDREW M. CUOMO, GOVERNOR OF NEW YORK

and

COUNTY OF FRANKLIN, NEW YORK,

*Defendants-Appellees,*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO STAY APPEAL PENDING SETTLEMENT**

The Parties hereby jointly request that this appeal be stayed pending the conclusion of settlement negotiations between the parties. As is explained in the accompanying affidavits, this appeal involves complicated matters between a number of governmental and institutional parties. The parties remain in active negotiations and have a framework as to how a settlement of this complicated matter will have to proceed.

This appeal is one of two parallel cases that concern the Saint Regis Mohawk Tribe's federal reservation in Northern New York. First, the Tribe has a land claim pending in the Northern District of New York. This case, *Canadian St. Regis Band of Mohawk Indians v. State of New York,* et al., 82-CV-783, 82-CV-114, 89-CV-829, has been in periodic settlement negotiations but as of 2013, the negotiations had ceased.

The second case is this appeal, which springs from a case filed by the Tribe in 2009 seeking a declaratory judgment on the existence of its reservation boundary as defined by federal treaty.

In 2013, the Tribe and the Governor agreed to resuscitate the negotiations to settle the land claim. As is explained in the accompanying affidavit, the parties are seeking to settle both cases in a single settlement agreement because the parties realize that a settlement agreement for the land claim should also settle the issues presented in this appeal. Thus, before the appeal was fully briefed or set for argument, the Tribe agreed, pursuant to Local Rule 42.1, to withdrawal without

prejudice to reinstatement pending settlement negotiations. The land claim pending in the district court has been placed on a long term stay with periodic reporting.

For the last several years the parties have been actively pursuing the settlement goal. But working out the settlement is complicated because it involves many parties and stakeholders and it involves the status of land ownership and jurisdiction in Franklin and Saint Lawrence Counties, issues that impact governments as well as ordinary citizens. The parties have agreed that in order for the claims in both of these cases to be permanently resolved, there are several steps that have to taken. The stay would benefit all parties to this appeal so the parties can to focus on achieving each of these steps.

In 2014, the State, the Tribe, Saint Lawrence County, and the New York Power Authority (a defendant in the Land Claim, but not the Boundary Claim) entered into a Memorandum of Understanding ("MOU"), setting forth settlement parameters. Currently, the State and the Tribe are working on a second MOU with Franklin County, an additional county affected by the Tribe's claims and a party to this appeal.

Once the parties finalize the second MOU, the next step will be for the State negotiators to seek to introduce a bill in the New York State Legislature that will delegate to the Governor the authority to finalize a settlement that embodies the framework and terms of settlement MOUs.

3

Once the state-level legislation is enacted, the State, the Tribe, NYPA, and the Counties will finalize a settlement agreement. At that time, the Tribe expects that the other two tribal parties in the land-claim case will agree to join the settlement.

Because the United States is a party to the land claim, the settlement agreement will also require approval from the U.S. Department of the Interior and the U.S. Department of Justice. After DOJ and DOI concur in the settlement, the parties will seek congressional approval, as the settlement contains terms that will need to be enacted into federal law and approved by Congress. After federal legislation is enacted, the matter will need to once again return to the New York State Legislature, to adopt final legislation approving and enacting the terms to the extent that state law will need to be amended.

The parties anticipate that, even though they have been further along in negotiations than ever before, this process will take another two years to complete. The parties cannot control New York or federal legislative agendas, nor can they control the speed at which DOJ or DOI will approve the settlement terms.

Although the parties remain optimistic, they recognize that, as with any settlement negotiations, there is always a chance that a final and binding agreement will not be achieved. Thus, the Tribe is not willing to dismiss the appeal outright. Instead, the Tribe seeks the stay to preserve its rights in case the settlement does not come to fruition.

The parties therefore seek to stay this appeal pending the finalization of settlement, including the enactment of necessary legislation by both the State of New York and the United States. The stay is justified since the draft MOU has provisions that address the boundary and the jurisdictional issues the Tribe sought to clarify in its declaratory judgment action filed below. As such, a settlement will dispose of the issue presented in this appeal and it would be in the interest of judicial efficiency for the court to stay action in this matter pending the settlement.

Respectfully submitted,

/s/Marsha K. Schmidt
MARSHA K. SCHMIDT
Attorney-at-Law
14928 Perrywood Drive
Burtonsville, MD 20866
(301) 949-5176
marsha@mkschmidtlaw.com
Attorney for Appellant


/s/Jonathan D. Hitsous
Jonathan D. Hitsous
Assistant Solicitor General
New York State Office of the Attorney General
Division of Appeals & Opinions
The Capitol
Albany, New York 12224-0341
(518) 776-2044
Jonathan.hitsous@ag.ny.gov
Attorney for Defendant-Appellee
 Andrew M. Cuomo


/s/Alan R. Peterman
Barclay Damon LLP

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2775
Email: apeterman@barclaydamon.com
Attorney for Defendant-Appellee Franklin County

Dated: December 12, 2018

6